UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

                 Plaintiff,

    v.

FLETCHER,

                 Defendant.

CASE NO. 3:26-CV-5153-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: March 19, 2026

Plaintiff John Demos, Jr., a state prisoner, has filed an application for leave to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint. Dkts. 1; 1-1, 1-2. As discussed below, the Court finds the proposed complaint should be dismissed and the IFP application should be denied.

Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 94 Wash. 2d 733, 734 (1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme

REPORT AND RECOMMENDATION - 1

Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). Bar orders of this Court provide that Plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"]; *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." 1992 Bar Order at 3. Additionally, under 28 U.S.C. § 1915(g), Plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff may not proceed with this action. First, Plaintiff has not included an affidavit that the claims in this case have not been presented in any other action in any court and that Plaintiff can produce evidence to support his claims. *See* Dkt. 1-2. While Plaintiff included an affidavit with the proposed complaint, the affidavit does not meet the requirements of the 1992 Bar Order. And, in fact, Plaintiff has filed additional actions alleging these same claims. *See Demos v. Lang, et al.*, 3:26-CV-5151-RSM (W.D. Wash. 2026).

Second, Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). In the proposed complaint, Plaintiff states that he knows who is responsible for the kidnapping and alleged death of Nancy Guthrie. Dkt. 1-2. He names Washington State Department of Corrections employees but does not provide allegations against these defendants. Further, Plaintiff's alleged knowledge of cartels

REPORT AND RECOMMENDATION - 2

kidnapping a private citizen living in another state is implausible and not sufficient to show he faces imminent harm from cartel retaliation.

Finally, prior to filing this lawsuit, Plaintiff filed at least twenty prior lawsuits this year and the 1992 Bar Order provides that Plaintiff may submit only three IFP applications and proposed actions each year.

Accordingly, the undersigned recommends Plaintiff's proposed complaint (Dkt. 1-2) be dismissed, the IFP application be denied (Dkt. 1), and this case be closed.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 19, 2026**.

Dated this 26th day of February, 2026.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3